UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TERRY L. HORNE, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

VERSUS

CIVIL ACTION

NO. 07-466-JJB-CN

PFIZER, INC.

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the court on a Motion to Reconsider (doc. 68) a November 11, 2007 ruling. (Doc. 66). In that ruling, this Court denied a Motion for Sanctions against defendant, Pfizer and denied Plaintiff's Motion for Attorneys' Fees. Defendant has filed an opposition to Plaintiff's Motion for Reconsideration. (Doc. 73). Plaintiff has filed a reply. (Doc. 76). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### Plaintiff's Arguments

Plaintiff's counsel argues they are entitled to attorneys' fees as a result of increased credit protection offered by Pfizer. Plaintiff argues that they have achieved "successful litigant" status by virtue of Pfizer's credit protection increase from $25,000 to $50,000; that this increased credit protection confers unto the uncertified class a "substantial benefit." This Court dismissed Plaintiff's claims against Pfizer (doc. 65) before ruling against Plaintiff's motion for sanctions and attorney's fees (doc. 66).

1

**Reconsideration Standard**

Plaintiff's Motion for Reconsideration is governed by Fed. R. Civ. P 59(e). Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989). A Motion for Reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments." *Tetra Techs., Inc. v. La. Fruit Co.,* 2007 U.S. Dist. LEXIS 29343, *2 (E.D. La. Mar. 8, 2007)(denying motion that "merely rehash[ed] arguments" previously raised). Though it is within the Court's discretion to deny such motions for reconsideration for the reasons stated above, this Court will give Plaintiff the benefit of reconsideration of its November 11, 2007 ruling (doc. 66), and further articulate reasons for its decision.

**Analysis**

Here, the Plaintiff's motion is partly based on phrasing in the November 11, 2007 ruling that "[p]laintiff did not cite a single case in support of his motion [for sanctions]."[1]  Indeed, in Plaintiff's Memorandum in Support of Motion for Sanctions (doc. 31), Plaintiff did not cite to authority— other than Rule of Professional Conduct 4.2— in support of the Motion. Plaintiff's Reply Memorandum (doc. 61), however, does cite to authority, and the Court should have noted that it was not persuaded by the authority presented. As to attorneys' fees, none were awarded because the

---

[1] Doc. 66 p. 1.

Court did not find that Plaintiff was a successful litigant.

"Under the 'American rule' successful litigants are generally not entitled to recover attorney's fees from the losing party, except where (1) the losing party is found to have pursued the litigation in bad faith, (2) the fee award would spread the cost of the lawsuit among members of a class who benefited from the litigation, or (3) the fees are a proper element of damages. *Rogers v. Air Line Pilots Ass'n., Int'l.,* 988 F.2d 607, 615 (5th Cir. 1993). The Fifth Circuit explained that under these exceptions, attorneys' fees may "be awarded to a successful litigant whose success confers 'a substantial benefit on the members of an ascertainable class.'" *Id.* at 616 (quoting *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393-94 (1970)).

Here, the Court did not find liability against Pfizer and there was no settlement by the parties in favor of the uncertified class. *See Holbrook v. Pitt*, 748 F.2d 1161, 1175 (7th Cir. 1984)(declining to award fees because "nothing done by [plaintiff] nor by her attorneys created any 'fund.' There was never any judgment for plaintiff nor for the classes which created any fund"). In *Mills*, the Supreme Court affirmed the district court's award of judgment in favor of petitioners on the issue of liability, and thus, awarded attorneys' fees. 396 U.S. at 397. Similarly, the Court affirmed a district court's "finding [of] a violation" under the statute at issue and awarded fees to the successful plaintiff" under "the 'common benefit' rationale' because a plaintiff's "successful litigation" had inured to the benefit of other union members. *Hall v. Cole*, 412 U.S. 1, 2-3, 5 (1973). In *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), fees

were awarded to a "successful class" out of a fund "created by the judgment." *Id.* at 482 n.7.

Indeed the Supreme Court has held that favorable settlements qualify plaintiffs for fee awards. *Maher v. Gagne*, 448 U.S. 122 (1980). Lower courts have held that the plaintiff is a prevailing party when its lawsuit serves as a "catalyst" for favorable action by the defendant. Circuit courts hold that for a suit to be a catalyst, the suit must play a role in defendant's decision to take a remedial action and that the original suit must state at least a colorable claim so that the defendant's action is not simply a gratuitous response to a groundless suit. *See Williams v. Leatherbury*, 672 F.2d 549, 551 (5th Cir. 1982). Additionally, the Fifth Circuit places the burden on the defendant to prove that its conduct was gratuitous by "demonstrat[ing] the worthlessness of the plaintiff's claims and explain[ing] why [it] nonetheless voluntarily gave the plaintiffs the requested relief. *Hennigan v. Ouachita Parish School Bd.,* 749 F.2d 1148, 1153 (5th Cir. 1985).

This Court dismissed the Plaintiff's suit because it did not allege a colorable injury to him or members of the putative class. Without such an injury, a Plaintiff cannot be a prevailing party, a successful litigant, or have received a substantial benefit. Pfizer has demonstrated that a June 2007 letter notified employees of a security breach and offered them $25,000 in identity theft insurance for one year and that it would "continue to investigate and monitor [the situation]" and provide

notification on "further significant developments."[2] Furthermore, the June 2007 letter put employees on notice that updates would likely ensue.  In September 2007, Pfizer sent such an update and offered increased credit protection from $25,000 to $50,000 after learning of another breach.  The letter made no mention of pending litigation and did not condition acceptance of the additional insurance in any way on any employee's renouncing any rights he or she might have to become members of the putative class in this lawsuit.  Additionally, that complaint does not allege that Plaintiff or any class members suffered any identity theft or credit fraud as a result of the security breach.  Thus, the suit cannot be deemed a "catalyst" since it did not articulate a colorable claim and there has been no showing that the lawsuit caused a substantial benefit to be conferred upon the uncertified class.

## Conclusion

Accordingly, for the foregoing reasons, the Plaintiff's motion for reconsideration (doc. 66) is hereby **GRANTED** and the Plaintiff's motions for attorneys' fees (doc. 28) and sanctions (doc. 30) remain **DENIED**.

Baton Rouge, Louisiana, December 6, 2007.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Doc. 23-3.